**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA** RECEIVED
**NORTHERN DIVISION**

2019 MAY 13  A 11: 30

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **JACOB ELLISON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **v.** | )  2:19-CV-344 -SRW |
| | ) |
| | ) |
| **TURNING POINT** | ) |
| **FOUNDATION** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

**COMES NOW** Jacob Ellison, by and through his undersigned counsel of record, and for the purposes of obtaining relief under the Fair Labor Standards Act of 1938, as amended, states as follows:

1.       Plaintiff Jacob Ellison ("Plaintiff") brings this action for the purposes of obtaining relief under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq*., for unpaid wages, overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

2.       Turning Point Foundation ("Defendant") has willfully violated the FLSA by intentionally failing and refusing to pay Plaintiff compensation due

1

under the FLSA.

## I. JURISDICTION AND VENUE

3.      Jurisdiction over this action is conferred on this Court by 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

4.      Venue in this District Court and Division is proper pursuant to 28 U.S.C. §1391(b) because Plaintiff was permitted and suffered to work by Defendant in this District and Division.

## II. PARTIES

5.      Plaintiff was employed by Defendant from on or about January through December 2018. At all times relevant herein, Plaintiff was an employee of Defendant for the purposes of 29 U.S.C. §203(e).

6.      Defendant is an entity organized and existing under the laws of the State of Alabama and operates, without limitation, a drug and alcohol treatment and rehabilitation facility in Chilton County, Alabama, where Plaintiff was permitted and suffered to work by Defendant. Defendant was, at all times relevant herein, the employer of Plaintiff.

7.      Defendant was, at all times relevant herein, a covered employer within the meaning of 29 U.S.C. §203(d).

8.      In the alternative, and without regard to Defendant's status as an FLSA covered employer, Plaintiff's job duties and activities set forth below rendered

2

him an FLSA covered employee at all relevant times herein pursuant to 29 U.S.C. §206(b).

### III. STATEMENT OF FACTS

9.      Plaintiff brings this private right of action under the FLSA on his own behalf and consents to the same.

10.     Plaintiff worked for Defendant from January through December 2018.

11.     During his employment with Defendant, Plaintiff worked in the position of Intake Coordinator and Defendant held him out as such both internally and externally.

12.     Plaintiff worked a regular forty-hour week Monday through Friday from 8 a.m. to 4 p.m. without uninterrupted meal breaks. In addition, Plaintiff was permitted and suffered to work overtime on certain weekends, without being paid time and one-half overtime, in violation of the FLSA.

13.     Defendant has not and cannot claim that it is exempt from the minimum wage and/or overtime provisions of the FLSA with respect to Plaintiff at any time or in any respect.

14.     In his position with Defendant, Plaintiff's job duties regularly involved him in commerce between the states on behalf of Defendant.

15.     Plaintiff regularly communicated and corresponded with Defendant's residents' out-of-state family members and attorneys, out-of-state courts and

3

their personnel by engaging in regular use of the U.S. Mail, internet, telephone and facsimile lines. Plaintiff also received invoices, took and made payments from out-of-state persons, entities and vendors, including payments for resident treatment, all by engaging in regular use of the U.S. Mail, internet, telephone and facsimile lines. Plaintiff regularly used the interstate banking system by handling out-of-state checks and processing credit card and debit payments from out-of-state persons and entities.

16.     Defendant is in direct business competition with numerous for-profit regional or national entities for provision of drug and alcohol treatment and rehabilitation services.

17.     From January through mid-July 2018, Defendant permitted and suffered Plaintiff to work and Plaintiff was promised payment of wages by Defendant. However, Defendant failed to pay Plaintiff any wage whatsoever, in violation of the minimum wage and overtime provisions of the Fair Labor Standards Act.

18.     From mid-July through December 2018, Defendant misclassified Plaintiff as an "1099" independent contractor, paying Plaintiff a weekly $100 "gift," without withholdings and deductions, through its third-party payroll provider. Defendant failed to pay Plaintiff minimum wages and overtime in violation of the FLSA during this period.

4

19.     In December 2018, Plaintiff filled out an IRS Form W-4 and other forms, at Defendant's request, and was paid on an hourly basis thereafter.

20.     Between January 2018 and December 2018, Defendant has failed to pay Plaintiff approximately $14,000 wages and overtime pay in violation of the FLSA.

21.     Defendant has operated under an illegal scheme to deprive Plaintiff minimum wage and overtime for hours worked in violation of the FLSA.

22.     Defendant has failed to keep records, as required by the FLSA and with respect to Plaintiff, to determine wages, hours worked and other conditions and practices of employment.

23.     Defendant's conduct, as set forth herein, was willful and in bad faith, and has caused significant damage to Plaintiff.

## IV. CAUSE OF ACTION

## COUNT I: VIOLATION OF THE FAIR LABOR STANARDS ACT

24.     Plaintiff incorporates by reference the foregoing paragraphs as set forth herein verbatim.

25.     The foregoing conduct, as alleged, is an illegal, willful and bad faith violation of the rights of Plaintiff under the Fair Labor Standards Act of 1938, as amended.

5

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jacob Ellison respectfully requests that this Court:

A.      Enter judgment declaring that Defendant has illegally, willfully, intentionally and wrongfully violated its statutory obligations and deprived the Plaintiff of his entitlements under the FLSA;

B.      Award the Plaintiff monetary damages in the form of minimum wage, overtime compensation and liquidated damages equal to his unpaid minimum wage and overtime compensation, plus interest;

C.      Award Plaintiff his reasonable attorneys' fees, costs and expenses, to be paid by Defendant; and

D.      Grant such other relief as may be just and proper.

Respectfully submitted,

Steven M. Stastny
Alabama Bar No. ASB-7803-S71S

ATTORNEY FOR PLAINTIFF

*OF COUNSEL*:

Stastny Law Firm LLC
P. O. Box 430052
Birmingham, AL 35243-1052
(205)322-3600 (V)
(800) 661-8147 (F)
smstastny@gmail.com

6

**PLEASE SERVE BY CERTIFIED MAIL:**

Executive Director/President
Turning Point Foundation
1881 County Road 627
Thorsby, AL 35171-8151

7